# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. BURGESS,<br><br>        Plaintiff,<br>    v.<br>DENNIS MINENI,<br><br>        Defendant.<br>_____/<br>DENNIS MINENI,<br><br>        Counterclaim-Plaintiff,<br>    v.<br>JOHN E. BURGESS, UNITED STATES OF AMERICA,<br><br>        Counterclaim-Defendants.<br>_____/ | Case No.  1:15-cv-00487- SKO<br><br>**ORDER GRANTING COUNTERCLAIM-DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 6) |

## I.    INTRODUCTION

Pro se Plaintiff John E. Burgess ("Burgess") filed a complaint against Defendant Dennis Mineni ("Mineni") in Merced County Superior Court on February 27, 2015, demanding overdue rent.  (Doc. 1-1.)  Mineni answered the complaint and filed a counterclaim naming John E. Burgess and the United States of America (the "United States") as Counterclaim-Defendants, asserting that he had honored a levy imposed by the United States Internal Revenue Service ("IRS") to collect unpaid tax owed by Burgess and therefore, as a matter of law, he is immune to any claims from Burgess to collect those payments.  (Doc. 1-2.)  The United States removed the

action to federal court on March 27, 2015 (Doc. 1), and filed the instant motion for summary judgment on April 10, 2015 (Doc. 6).

Burgess filed a "Request for Judicial Notice and Objections" to the sufficiency of the United States' declarations offered in support of its motion for summary judgment on April 27, 2015. (*See* Doc. 9.) Burgess also filed "Objections" to the United States' motion for summary judgment on May 6, 2015 (Doc. 16), and Mineni filed a Statement of Non-Opposition to the United States' motion for summary judgment on June 11, 2015 (Doc. 18). The United States filed a Reply to Burgess's Objections on June 30, 2015. (Doc. 19.)

The motions were submitted upon the record without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the Court ORDERS that the United States' motion for summary judgment be GRANTED.

## II.   BACKGROUND

**1.   The IRS Levy**

Revenue Officer Ann Taylor[1] was assigned to investigate and collect income tax assessments owed by taxpayer Burgess. (Doc. 6-2, ¶ 12 (Statement of Undisputed Facts ("SUF")).) The account at the time of the levy included the taxable years ending December 31, 1999, through December 31, 2007. (SUF, ¶ 12.) According to IRS records and assessments after Burgess failed to file income tax returns, the amount owing exceeds $4,945,183.25. (SUF, ¶ 12.) After determining Burgess to be a delinquent taxpayer, the IRS is authorized by law to collect the unpaid taxes by levy upon his property or his rights to property. (Doc. 6.)

**2.   Burgess Disclaimer of the IRS Levy**

Burgess categorically denies that he is a federal citizen, and filed an affidavit to demonstrate that he is a "Sovereign Natural Born American" and "Nonresident Citizen of Brockton, Massachusetts" who is not subject to the jurisdiction of any federal institution or law, including but not limited to Congress, the IRS, or the Social Security Administration. (Doc. 16, pp. 3-5.) As a result of this "expatriation," Burgess disclaims that he owes any federal income tax debt and maintains the levy has been invalid at all times. (*See* Doc. 16.)

---

[1]   Revenue Officer Taylor uses a pseudonym for personal safety reasons. (SUF, ¶ 13.)

**3.     Factual Background**

Mineni owns and operates a flea market near Atwater, California. (SUF, ¶ 1.) The business requires overflow parking, so Mineni rents an adjacent piece of land owned by Burgess (the "property") pursuant to a handshake agreement. (SUF, ¶¶ 2-3.) Mineni originally rented the property for $2,000 per month, and issued rent checks to Burgess as "Atwater Flea Market." (SUF, ¶ 3.) On or about February 16, 2011, Burgess deeded the property to Sherry Klein. (SUF, ¶ 4.) Mineni continued paying his monthly rent to Sherry Klein. (SUF, ¶ 4.)

On October 1, 2011, Mineni incorporated the flea market business as a corporation called Franklynn Properties, Inc. ("FPI"), and began issuing rent checks from an FPI account. (SUF, ¶ 5.) On or about June 11, 2012, Sherry Klein deeded the property back to Burgess. (SUF, ¶ 6.) Mineni continued paying his monthly rent to Burgess, using a rent check from an FPI account. (SUF, ¶ 6.) At some point, Mineni and Burgess agreed to reduce the monthly rent to $1,500. (SUF, ¶ 7.)

FPI reported the rent payments as business expenses on IRS Form 1099, as required by law. (SUF, ¶ 8.) The IRS thereby became aware of the payments made each month by FPI to delinquent taxpayer Burgess. (SUF, ¶ 8.) On May 22, 2013, Revenue Officer Taylor prepared and issued to FPI a notice of levy. (SUF, ¶¶ 9; 14; *see* Doc. 6-8, Exh. A (Levy Notice).) Pursuant to the levy, Mineni was directed to pay the monthly rent he owed to Burgess directly to the IRS. Through payments made by his business, FPI, Mineni honored the notice of levy by paying directly to the IRS the rent FPI owed Burgess each month. (SUF, ¶¶ 10; 14.) FPI paid a total of $31,500 to the IRS over the course of 21 months – through March of 2015. (SUF, ¶¶ 10; 14.)

After the levy was issued, Burgess sent Revenue Officer Taylor a "cease and desist" letter demanding that the IRS stop the levy. (SUF, ¶ 15; *see* Doc. 6-5 (cease and desist letter).) The letter, however, stated no facts to demonstrate that the levy was invalid and the levy was therefore not stopped. (SUF, ¶ 15; *see* Doc. 6-5.)

Mineni was served with a summons and complaint filed in Merced County Superior Court, in which Burgess sued Mineni for the rent that FPI had paid directly to the IRS. (SUF, ¶ 11.) Revenue Officer Taylor received a copy of the lawsuit and referred the matter to the United States

3

for investigation as a possible attempt to interfere with federal tax collection.  (SUF, ¶ 17.)

## III.  LEGAL STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c); *accord Maffei v. Northern Ins. Co.*, 12 F.3d 892, 899 (9th Cir. 1993).  A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party.  *Triton Energy Corp. v. Square D Co.*, 68 F.2d 1216, 1221 (9th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-56 (1986).  A fact is "material" if the fact may affect the outcome of the case.  *See Anderson*, 477 U.S. at 248.  The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint.  *U.S. Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1995).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *See id.*  Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  All reasonable inferences must be made in favor of the non-moving party.  *Anderson*, 477 U.S. at 250.

As a general matter, pro se pleadings are held to less stringent standards than those drafted by lawyers.  *See Christensen v. Comm'r of IRS*, 786 F.2d 1382, 1384-85 (9th Cir. 1986).  The Court should therefore construe his claims liberally to assure that the pro se litigant is not prejudiced by any lack of knowledge regarding legal technicalities.  *See id.*

//

//

4

## IV. RELEVANT LAW

Under § 6331 of the Internal Revenue Code, 26 U.S.C. § 6331, if any person liable for any tax neglects or refuses to pay the tax within ten (10) days after notice and demand, the IRS is authorized to collect the tax by levy upon all property or rights to property of the delinquent taxpayer.[2] *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985), *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977). "Service of a notice of levy confers on the United States the right to all property levied upon and creates a custodial relationship so that the property comes into the constructive possession of the government." *United States v. Hemmen*, 51 F.3d 883, 887 (9th Cir. 1995).

Under § 6332 of the Internal Revenue Code, 26 U.S.C. § 6332, any person in possession of property or rights to property belonging to a delinquent taxpayer upon which a levy has been made shall, upon demand, surrender such property or rights to property to the IRS. Failure to honor the levy may result in personal liability under 26 U.S.C. § 6332(c)(1). *Bank of Nevada v. United States*, 251 F.2d 820, 824 (9th Cir. 1957).

The person who surrenders such property or rights to property (or discharges such obligation) to the IRS "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person." 26 U.S.C. § 6332(e). Immunity under § 6332(e) has been interpreted generously to protect persons who honor levies, *Farr v. United States*, 990 F.2d 451, 456 (9th Cir. 1993), and this immunity applies *regardless* of whether the underlying levy is valid, *see Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). *See also* 26 CFR 301.6332-1(c)(2)[3]. Pursuant to 26 U.S.C. § 6332(e), the person who in good faith honors the levy *is immune* from liability to any other person claiming ownership or an interest in the property

---

[2] The levy is a provisional remedy to protect the Government against loss or diversion of the subject property; it "does not determine whether the Government's rights to the seized property are superior to those of other claimants." *Nat'l Bank of Commerce*, 472 U.S. at 721. The delinquent taxpayer may challenge the Government's levy, and if the levy is found to be invalid, stop the levy and pursue actions to redeem his seized property.

[3] [I]f the delinquent taxpayer has an apparent interest in property or rights to property, a person who makes a good faith determination that such property or rights to property in his or her possession has been levied upon by the Internal Revenue Service and who surrenders the property to the United States in response to the levy is relieved of liability to a third party who has an interest in the property or rights to the property, even if it is subsequently determined that the property was not subject to levy.

1 levied upon.

## V.   DISCUSSION

The United States moves for summary judgment on the ground that Mineni is immune from suit for his surrender of rental payments owing to Burgess to the IRS pursuant to an IRS levy. (Doc. 6-1.) Burgess argues that as a "Sovereign Natural Born American," he is a "Nonresident Citizen" and therefore, presumably, is not required to pay federal income taxes and not properly subjected to a levy of his property.[4] (*See* Doc. 16.) The United States contends there is no merit to Burgess's argument that he is not a citizen of the United States, and that regardless of whether Burgess has successfully renounced his citizenship, "the federal tax laws apply equally to residents of the United States" and any levy of his property is valid. (*See* Doc. 19, p. 3.)

The United States contends that Defendant Mineni is immune from the present action under 26 U.S.C. § 6332(e), which permits the IRS to collect the tax by issuing a levy on the taxpayer's "property and rights to property." (Doc. 6-1.) Burgess does not address this argument in his Objections, but instead challenges the validity of the levy itself. (*See* Doc. 16.)

Under 26 U.S.C. § 6332, when served with a notice of levy, a renter of a property owned by a delinquent taxpayer must honor the levy by paying directly to the IRS the rent owed to the delinquent taxpayer. Failure to honor the levy may result in personal liability under 26 U.S.C. § 6332(c)(1). *Bank of Nevada*, 251 F.2d at 824. By honoring the levy, the renter is rendered *immune* "from any obligation or liability to the delinquent taxpayer and any other person." 26 U.S.C. § 6332(e). Immunity under § 6332(e) applies *regardless of whether the underlying levy is valid*. *Moore*, 91 F.3d at 851; 26 CFR 301.6332-1(c)(2).

There is no genuine issue of material fact as to whether Mineni is entitled to immunity from Burgess under § 6332(e). Mineni had paid between $1,500 and $2,000 each month in rent to Burgess on the land pursuant to a "handshake agreement" since before 2011. (*See* SUF, ¶¶ 1-7.)

---

[4] Plaintiff has also requested the Court take judicial notice of the facts "that any appearance he makes in this Court will be [i]n propria persona (not [p]ro se), and that he objects to the Declaration of Dennis Mineni . . . and the Declaration of Ann Taylor . . . [as] they are both incomplete." (Doc. 9, pp. 1-2.) The Court may take judicial notice of matters of public record, including records and reports of administrative agencies. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Those matters are not properly the subject of judicial notice, and the Court will therefore decline to take judicial notice.

Burgess accepted rent payments from both Mineni himself and from FPI during the course of the renting relationship.  (*See* SUF, ¶¶ 3; 6.)  This history establishes Burgess had at least an "apparent" or "modicum" of interest in the rent required for the imposition of a levy under § 6332 and the implementing regulations.

Pursuant to the notice of levy, Mineni paid the rent payments FPI owed to Burgess directly to the IRS.  FPI – and therefore Mineni – honored the notice of levy as required by § 6332.  (*See* SUF, ¶¶ 8-10; 14.)  Mineni is therefore *immune* from any obligation or liability to Burgess, the delinquent taxpayer, under 26 U.S.C. § 6332(e).  Further, although Burgess has challenged the validity of the levy at various points of time, including in his Objections (*see* Doc. 16), Mineni's immunity under § 6332(e) applies regardless of whether the underlying levy is valid.  *See* 26 CFR 301.6332-1(c)(2).

By paying the levy, Mineni has discharged his obligation to Burgess, and future rent should continue to be paid directly to the IRS in compliance with the continuing levy until such time as the levy is stopped or found invalid.  Even if the levy is later found to be invalid, Mineni's immunity continues to apply.  *See* 26 CFR 301.6332-1(c)(2).  Summary judgment for the United States is therefore appropriate.

## VI.   CONCLUSION AND ORDER

Accordingly, the Court ORDERS that:

1. The United States' Motion for Summary Judgment be GRANTED;

2. The Clerk of Court is directed to enter judgment in favor of Defendant Dennis Mineni as follows:  FPI has discharged its obligation to John E. Burgess by honoring the levy, and future rent should be paid to the IRS in compliance with the continuing levy; and

3. This case shall be closed.

IT IS SO ORDERED.

Dated:  **July 20, 2015**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE